# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 0419 5:21CR00056-001 |
| | ) |
| Eric Wayne Smith | ) |
| Defendant | ) |

## AGREED ORDER AND JUDGMENT
## TO REVOKE SUPERVISED RELEASE

Upon petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Eric Wayne Smith and for good cause shown therein, and based on agreement of the parties as set forth herein:

### AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant agrees and stipulates that he/she has violated the terms and conditions of supervised release in the following respects:

1. FAILURE TO COMPLY WITH COMPUTER MONITORING (Date violation concluded: 8/11/2021). The defendant has violated the condition of supervision that states, "The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use, except for that of an employer. This may include, but is not limited to, software that may record any and all activity on computers (as defined in 18 U.S.C. § 1030(e)(1)) the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage," in that, on 8/11/2021, a search of the defendant's residence revealed that he possessed an Android 11 Moto G Stylus mobile phone that had not been reported to the U.S. Probation Officer. A physical inspection of the phone showed that the defendant had been accessing the internet since on or about June 25, 2021. The defendant provided a written statement admitting that he purchased the mobile phone from Verizon Wireless sometime in June 2021. (Grade C)

2. UNAUTHORIZED SOCIAL MEDIA (Date violation concluded: 8/11/2021). The defendant has violated the condition of supervision that states, "The defendant shall not have any social networking accounts on networks used or reasonably expected to be used by minors without the approval of the U.S. Probation Officer," in that, on 8/11/2021, a

1

physical inspection of an Android 11 Moto G Stylus mobile phone located in the defendant's motel room revealed several social media apps that were downloaded. The defendant provided a written statement admitting to regularly accessing social media sites including, but not limited to Facebook, Hangouts, Snapchat, Kik, Clover and Taimi. (Grade C)

Facebook Username: Wayne Kerns 'waynekerns674@gmail.com'
Hangouts Username: Wayne Kerns 'waynekerns674@gmail.com'
SnapChat Username: Wayne Kerns 'demon60012'
Kik Username: Eric Smith 'countryboy201912'

3. FAILURE TO PROVIDE TRUTHFUL ANSWERS (Date violation concluded: 8/11/2021). The defendant has violated the condition of supervision that states, "The defendant shall answer truthfully the questions asked by the probation officer," in that, on 8/11/2021, the defendant initially denied that the Android 11 Moto G Stylus mobile phone located in his motel room belonged to him. The defendant claimed that the phone belonged to his supervisor at Target Distribution Center whose name is "Barry". (Grade C)

4. POSSESSION OF PORNOGRAPHIC MATERIALS (Date violation concluded: 8/11/2021). The defendant has violated the condition of supervision that states, "You shall not possess or have under your control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence towards children or "child pornography," as defined in 18 U.S.C. 2256(2) and (8), including photographs, images, books, writings, drawings, videos, and electronic material," in that, on 8/11/2021, the defendant was in possession of an unreported Android 11 Moto G Stylus mobile phone that contained several images depicting adult nudity that are pornographic in nature. The defendant was part of several group messages on the phone through various apps in which individuals describe sexually explicit conduct they would like to perform. (Grade C)

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant's violations are a maximum Grade C and that the defendant has a Criminal History Category of IV.

The parties stipulate, based on U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of IV is a term of imprisonment from 6 to 12 months.

The parties agree, pursuant to Rules 11(c)(1)(C) and 32.1, Federal Rules of Criminal Procedure, that the Court should revoke supervised release and order the defendant to be

2

## AGREED SENTENCE

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant, Eric Wayne Smith, be and is hereby SENTENCED to a term of imprisonment of 9 months on Count 1 of the judgment.

It is further ORDERED that the defendant be and is hereby ORDERED to serve an additional term of supervised release of 5 years after being released from the sentence of imprisonment ordered herein.

It is further ORDERED that during the additional term of supervised release, the defendant must abide by the following mandatory and discretionary conditions that have been adopted by this Court, as well as the following agreed upon special conditions of supervised release:

Mandatory Conditions:
1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, unless the condition of mandatory drug testing is waived below.

   *Check if waived:* ☐ The condition for mandatory drug testing is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.
4. The defendant shall cooperate in the collection of DNA as directed by the probation officer (unless omitted by the Court).

Discretionary Conditions:
1. The defendant shall report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. The defendant shall report to the probation officer in a manner and frequency as directed by the Court or probation officer.
3. The defendant shall not leave the federal judicial district where he is authorized to reside without first getting permission from the Court or probation officer.

imprisoned for a period of 9 months. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he is admitting the violations of supervised release because he did, in fact, violate the conditions of supervised release set forth above.

The defendant acknowledges that he has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him related to those alleged violations.

The defendant further acknowledges that he is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and
2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

The defendant acknowledges that the Court may impose conditions of supervised release different from or in addition to those that were imposed in the original sentencing order.

4. The defendant shall answer truthfully the questions asked by the probation officer. However, defendant may refuse to answer a question if the truthful answer would tend to incriminate him of a crime. Refusal to answer a question on that ground will not be considered a violation of supervised release.

5. The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives). If advance notification is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit him at any time at his home or any other reasonable location as determined by the probation office and shall permit the probation officer to take any items prohibited by the conditions of his supervision that the probation officer observes.

7. The defendant shall work full time (at least 30 hours per week) at lawful employment, actively seek such gainful employment or be enrolled in a full time educational or vocational program unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment or education.

8. The defendant shall not communicate or interact with any persons he knows is engaged in criminal activity and shall not communicate or interact with any person he knows to be convicted of a felony unless granted permission to do so by the probation officer.

9. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential informant without first getting the permission of the Court.

12. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.

13. The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court).

14. The defendant shall not go to or remain at any place where he knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.
15. The defendant shall submit to a search if the Probation Officer has a reasonable suspicion that the defendant has committed a crime or a violation of a condition of supervised release. Such a search may be conducted by a U.S. Probation Officer, and such other law enforcement personnel as the probation officer may deem advisable, without a warrant or the consent of the defendant. Such search may be of any place where evidence of the above may reasonably be expected to be found, including defendant's person, property, house, residence, vehicle, communications or data storage devices or media or office.
16. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.
17. The defendant shall support all dependents including any dependent child, or any person the defendant has been court ordered to support.
18. The defendant shall participate in transitional support services (including cognitive behavioral treatment programs) and follow the rules and regulations of such program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer.
19. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

Special Conditions:
1. The defendant shall participate in a mental health evaluation and treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (including, but not limited to provider, location, modality, duration, and intensity). The defendant shall take all mental health medications as prescribed by a licensed health care practitioner.
2. The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on computers the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage.
3. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall,

upon request, immediately provide the probation officer with all passwords required to access data compressed or encrypted for storage by any software.

4. The defendant shall provide a complete record of all computer use information including, but not limited to, all passwords, internet service providers, email addresses, email accounts, screen names (past and present) to the probation officer and shall not make any changes without the prior approval of the U.S. Probation Officer.

5. The defendant shall not possess any children's items, including, but not limited to, clothing, toys, and games without permission of the U.S. Probation Officer.

6. The defendant must use his/her true legal name, identifying information, and personal mailing address for all purposes.

7. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the United States Probation Officer. The defendant shall complete the treatment recommendations and abide by all the rules, requirements, and conditions of the program until discharged. The defendant shall take all medications as prescribed.

8. The defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to a polygraph examination and/or Computer Voice Stress Analyzer (CVSA), or other specific tests to monitor the defendant's compliance with supervised release and treatment direction of the United States Probation Officer.

9. The defendant shall register as a sex offender and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

10. The defendant shall not have any social networking accounts on networks used or reasonably expected to be used by minors without approval of the U.S. Probation Officer.

It is further ORDERED that any restitution order, fine, and special assessment imposed in the original Judgment in a Criminal Case are hereby reimposed and are to be paid in full immediately, or according to an installment payment plan designated by the U.S. Probation Office and approved by the Court.

So ORDERED and ADJUDGED, this the 7th day of February, 2022.

_____
Kenneth D. Bell
U.S. District Court Judge

## APPROVED

_____
Eric Wayne Smith
Defendant

_____
Attorney for Defendant

_____
Assistant United States Attorney

_____
Brian Hopkins
Supervisory U.S. Probation Officer

_____
Whitney Law
Probation Officer